Peter E. Soskin (SBN 280347)
peter.soskin@klgates.com
**K&L GATES LLP**
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Fax: (415) 882-8220

*Attorney for Defendant Koss Corporation*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| **APPLE, INC.,** | **Case No. 4:20-cv-05504-JST** |
| **Plaintiff,** | **DEFENDANT KOSS CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS OR OTHERWISE TRANSFER UNDER RULE 12; [PROPOSED] ORDER** |
| **v.** | |
| **KOSS CORPORATION,** | |
| **Defendant** | **Hearing Noticed for October 28, 2020 at 2:00 PM Pacific Time** |

## NOTICE OF MOTION AND REQUESTED RELIEF

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 28, 2020 at 2:00 PM PT or as soon thereafter as the matter may be heard in Courtroom 6 (to the extent in-person hearings are permitted consistent with Judge Tigar's Covid-19 protocols), Defendant Koss Corporation ("Koss") will and hereby does move this Court for an order transferring, dismissing, or staying the instant matter brought by Plaintiff Apple, Inc. ("Apple").

Koss filed an action for patent infringement against Apple in the Western District of Texas on July 23, 2020 regarding Apple's infringement of certain Koss-owned patents.

More than two weeks later, on August 7, 2020, Apple filed the instant declaratory judgment matter seeking, among other things, a declaration of non-infringement by Apple regarding the same Koss-owned patents.

Because no exception to the first-filed action rule applies, Koss hereby requests that this Court order Apple's second-filed case transferred to the Western District of Texas. In the alternative, Koss requests that this litigation be dismissed or stayed pending the Western District of Texas's ruling on Apple's currently pending motion to strike before that court.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

On July 23, 2020, Koss filed a complaint for patent infringement against Apple in the Western District of Texas in Case No. 6:20-cv-00665 (the "Texas Complaint," which is attached hereto as Exhibit A, as filed in the "Texas Proceeding"). Sixteen days later, Apple filed its complaint in this case (the "California Complaint," D.I. 1 in the instant proceeding, filed in this "California Proceeding"). Apple cannot dispute that Koss filed the Texas Complaint, initiating the Texas Proceeding, before Apple filed the California Complaint to initiate the California Proceeding. Each of the Texas Complaint and the California Complaint involves Koss and Apple and each includes requests to adjudicate the issue of whether certain Apple products infringe certain patents owned by Koss. *Compare* Exhibit A *with* D.I. 1. Thus, the subject matter of the California Proceeding

DEFENDANT KOSS CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS
OR OTHERWISE TRANSFER UNDER RULE 12 Case No.: 4:20-cv-05504-JST

1  encompasses the subject matter of the Texas Proceeding; this is necessarily true because the California

2  Proceeding was filed in response to Koss's filing of the Texas Proceeding.

3       As a general rule of civil procedure, when two factually-related suits are pending in different

4  districts, courts allow the first-filed suit to proceed while staying and/or consolidating later-filed suits.

5  *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012); 4 Charles A. Wright & Arthur R.

6  Miller, Federal Practice and Procedure § 1051 (4th ed. 2020); *Power Integrations, Inc. v. ON

7  Semiconductor Corp.*, No. 16-CV-06371-BLF, 2017 WL 1065334, at *2 (N.D. Cal. Mar. 21, 2017).

8       While Apple moved to strike the Texas Complaint and Koss opposed the motion, the Texas

9  court has yet to resolve Apple's motion there.  As such, the Texas Complaint is currently operative

10  and the Texas Proceeding is ongoing.  The Texas Complaint is therefore the first-filed complaint

11  regarding the parties' heated patent infringement dispute.

12       Apple has indicated it is unwilling to stipulate to any additional extensions citing the case

13  management conference presently set for November 9, 2020.  D.I. 13.  A transfer of this clearly

14  second-filed action would be more efficient than staying this action.  *Hilton v. Apple Inc.*, No. C-13-

15  2167, 2013 WL 5487317, at *11 (N.D. Cal. Oct. 1, 2013) (finding Apple's first filed complaint

16  sufficient preclude a later-filed complaint).  Indeed, as the court in *Hilton* reasoned, having duplicate

17  cases before a single judge (e.g.,  the first-filed judge in the Texas Proceeding), "who [can] coordinate

18  if not consolidate the proceedings" will prevent the parties from having to "simultaneously or

19  consecutively deal with essentially similar claims."  *Id.* at *10.  However, if this Court is reluctant to

20  transfer, at a minimum this case should be stayed until resolution of Apple's pending motion in the

21  Texas Proceeding.

22       Under the "first-to-file" rule Koss hereby moves this Court to dismiss or otherwise transfer

23  this case to the Western District of Texas.  *Power Integration*, 2017 WL 1065334, at *2.  In the

24  alternative, Koss requests that the resolution of this motion be stayed until Apple's outstanding motion

25  to strike in the Texas Proceeding is resolved.

26  ///

27

- 2 -

DEFENDANT KOSS CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS
OR OTHERWISE TRANSFER UNDER RULE 12 Case No.: 4:20-cv-05504-JST

## II.   **ARGUMENT**

The Supreme Court has stated that under the doctrine of federal comity it is an act of "[w]ise judicial administration" to avoid duplicative litigation. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (alteration in original) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). "[I]n situations involving the contemporaneous exercise of concurrent jurisdictions," courts should "giv[e] regard to conservation of judicial resources and comprehensive disposition of litigation" *Colo. River Water Cons. Dist.*, 424 U.S. at 817 (citation and internal quotation mark omitted); *Kerotest*, 342 U.S. at 183 (noting "[w]ise judicial administration . . . does not counsel rigid mechanical solution of such problems" and "[t]he factors relevant to wise administration here are equitable in nature").

The law of the Federal Circuit governs the application of the first-to-file rule in patent infringement cases such as this one. *Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013); *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345–46 (Fed. Cir. 2005). Mirroring the Supreme Court's reasoning, "[t]his 'first-to-file' rule exists to 'avoid conflicting decisions and promote judicial efficiency.'" *Futurewei*, 737 F.3d at 708 (quoting *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012)); *Hilton*, 2013 WL 5487317, at *3. According to the Federal Circuit, "[w]hen two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action." *Futurewei*, 737 F.3d at 708.

The first-to-file rule "serves the purpose of promoting efficiency well and should not be disregarded lightly." *Goldfield Corp. v. Hartford Acc. & Indem. Co.*, No. 14-CV-0134-TOR, 2014 WL 4060317, at *3 (E.D. Wash. Aug. 15, 2014) (quoting *Church of Scientology of California v. U.S. Dept. of Army*, 611 F.2d 738, 750 (9th Cir. 1979), overruled on other ground by *Animal Legal Def. Fund v. FDA*, 836 F.3d 987 (9th Cir. 2016)). The rule "is primarily meant to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting

DEFENDANT KOSS CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS
OR OTHERWISE TRANSFER UNDER RULE 12 Case No.: 4:20-cv-05504-JST

judgments." *Esquer v. StockX, LLC*, No. 19-CV-05933-LHK, 2020 WL 3487821, at *8 (N.D. Cal. June 26, 2020).

Application of the first-to-file rule is generally a matter for a district court's discretion, exercised within governing legal constraints. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005); *Merial*, 681 F.3d at 1299. This Court should consider three factors in deciding whether to apply the first-to-file rule: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *Power Integrations*, 2017 WL 1065334, at *2 (citing *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 625–26 (9th Cir. 1991)).

The first factor can be determined by merely comparing the filing dates of the complaints. For the second and third factors, the issues and parties in the first and second action need not be identical, but only need be "substantially similar." *Inherent v. MartindaleHubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006) (quoting *Dumas v. Major League Baseball Properties Inc.*, 52 F. Supp. 2d. 1183 (S.D. Cal. 1999), *vacated on other grounds by*, 104 F. Supp. 2d 1224 (S.D. Cal. 2000) *aff'd*, 300 F.3d 1083 (9th Cir. 2002)); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Payless Shoesource, Inc.*, No. C-11-1892 EMC, 2012 WL 3277222, at *3 (N.D. Cal. Aug. 9, 2012) ("For purposes of the first-to-file rule, [i]n determining whether the cases involve the same issue, it is enough that the overall content of each suit is not very capable of independent development, and will be likely to overlap to a substantial degree.") (internal quotation omitted).

While there are exceptions to the first-to-file rule, it is the court with the first-filed action that should weigh the balance of convenience and any other factors that might create exceptions to the rule. *Juniper Networks, Inc. v. Mosaid Techs. Inc.*, No. C 11-6264 PJH, 2012 WL 1029572, at *2 (N.D. Cal. Mar. 26, 2012) (citing *Alltrade*, 946 F.2d at 628); *see also EMC Corp. v. Bright Response, LLC*, 2012 WL 4097707, at *5 (N.D. Cal. Sept. 17, 2012). Each of the three factors in *Power Integrations* is met in Koss's favor, such that Koss's Motion to Transfer, or in the alternative dismiss or stay this litigation, should be granted.

  
1

### A.     <u>The Texas Complaint, Not The California Complaint Was Filed First</u>

2      There is no dispute that the Texas Complaint preceded the California Complaint by more than

3  two weeks.  *Compare* Ex. A *with* D.I. 1.  Indeed, Apple filed its presently pending motion to strike

4  Koss's first-filed Texas Complaint the *same day* it filed the California Complaint[1] in the first instance.

5  *Compare* Apple's motion to strike complaint, D.I. 12, *Koss Corp. v. Apple Inc.*, 6:20-cv-00665 (W.D.

6  Tex. August 7, 2020) (filed on August 7, 2020) *with* D.I. 1 (also filed on August 7, 2020).  And at that,

7  the Texas Complaint cannot have been a surprise to Apple, as Koss had initiated a very discrete clock

8  for when the parties' stand-still agreement expired and litigation could be properly initiated by Koss.

9  D.I. 1, ¶30.

10      Apple's pending motion in Texas is nothing more than a thinly veiled attempt at transferring

11  that case to this venue by seeking to strip the Texas Complaint of its first-filed status.  However, Apple

12  has not demonstrated that the draconian remedy it seeks—full dismissal of the Texas Proceeding—is

13  warranted.[2]  As Koss argued in its opposition in the Texas Proceeding, in the event Apple's motion is

14  persuasive, a far more equitable remedy would be merely striking the specifically identified

15  paragraphs.  Given the available resolutions to Apple's motion that do not involve the extreme and

16  disproportionate remedy it seeks, the most efficient approach is to wait for certainty from the Texas

17  Court before requiring unnecessary duplicating efforts in this Case.

18      As such, this motion is necessary and, under the current circumstances, there is no doubt that

19  the Texas Complaint was filed first, such that the first *Power Integrations* factor favors granted Koss's

20  requested relief.

21  ///

22  ///

23

---

24  [1] The California Complaint admits that the Texas Complaint was first filed.  D.I. 1 at ¶1.

25  [2] As Koss argued in its opposition in the Texas Proceeding, in the event Apple's motion is persuasive,
   a far more equitable remedy is for Koss to file an amended complaint in Texas, striking the paragraphs
26  that are the subject of Apple's motion.  It became clear when Apple wholly rejected that offer that
   Apple's motion in Texas was the first in line of a series of thinly veiled attempts at transferring the
27  case to this venue.

DEFENDANT KOSS CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS
OR OTHERWISE TRANSFER UNDER RULE 12 Case No.: 4:20-cv-05504-JST

**B.**     **The Texas Complaint and California Complaint Have Identical Parties**

The exact same Koss entity is the plaintiff in the first-filed Texas Proceeding and the defendant in the subsequently filed California Proceeding.[3]   The exact same Apple entity is the defendant in the Texas Proceeding and the plaintiff in the California Proceeding.   There are no other parties in either proceeding.   The parties are identical between the two proceedings.   This *Power Integrations* factor also weighs in favor of Koss' requested relief.

**C.**     **The Texas Complaint and California Complaint Seek Resolution of the Same Factual and Legal Issues**

The first-filed Texas Complaint alleges patent infringement of five of Koss's patents by Apple.[4]   Based on those affirmative allegations by Koss, Apple subsequently filed the California Complaint, seeking declaratory judgment of noninfringement of those same five patents.   These five counts will rely upon the same factual findings, will implicate the same questions of law, will undergo the same claim construction exercises, and will require deposition of the same witnesses as the Texas Proceeding.   *Inherent*, 420 F. Supp. 2d at 1097 (the issues between complaints need not be identical, merely substantially similar).   That Apple also includes a breach of contract claim in the California Complaint does not alter the fact that the Texas Complaint is first-filed.   D.I. 1, 12 (Count 1).   In fact, Apple will likely add (and is free to add) a breach of contract counter claim, an issue it summarily raised in the context of its motion to strike, to the Texas Proceeding in the event its motion to strike is not successful.   Similar to *Power Integrations*, the mere fact that the counts raised in the second filed complaint are not identical to those of the first complaint does not preclude a finding that a first-filed complaint should govern.   *Power Integrations*, 2017 WL 1065334, at *2-3 (finding that where it was "at least possible for judicial efficiency to be served by litigating the claims together" this factor favors the first to file rule).

---

[3] The California Complaint admits that the two proceedings have identical parties.  D.I. 1, ¶1.

[4] The California Complaint admits that the California Complaint seeks resolution of the same factual and legal issues as the Texas Complaint.  D.I. 1, ¶¶70, 75, 80, 85, 90.

- 6 -

DEFENDANT KOSS CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS OR OTHERWISE TRANSFER UNDER RULE 12 Case No.: 4:20-cv-05504-JST

The California Complaint was filed in response to Koss's allegations in the Texas Complaint, and therefore necessarily implicates identical legal issues and explicitly calls into question the exact same subject matter and factual disputes.  Moreover, the fact that the California Complaint references the subject matter that Apple contends should be absent from Texas Complaint further supports the identity of issues between the two proceedings.  The issues between the Texas Proceeding and the California Proceeding are essentially identical (or will be with the addition of Apple's contract claim that is not presently pending in Texas).

### D.        There Are No Exceptions That Warrant Deviating From The First To File Rule

The Texas Complaint is both currently operative and properly filed in Texas.  Apple's presence and activity in the venue is unquestionable.  *Uniloc 2017 LLC v. Apple Inc.*, No. 6-19-CV-00532-ADA, 2020 WL 3415880, at *3 (W.D. Tex. June 22, 2020) (noting that Apple's second largest campus in the world is located in the Western District of Texas).  There is nothing improper in bringing a patent infringement action against Apple in the Western District of Texas, as the Federal Circuit has repeatedly ruled.  *See e.g.*, *In re Apple Inc.*, No. 2020-127, 2020 WL 3249953, at *3 (Fed. Cir. June 16, 2020).  Apple has, it appears, stopped challenging venue, now resorting to the strike and re-file tactic necessitating this motion.

Even if Apple's motion is successful in the Texas Proceeding, it is expected that at least one cause of action will remain, for example, the direct infringement allegations of Exhibit A, which stand apart from any of the information Apple seeks to strike.  Accordingly, resolution of Apple' motion to strike will not affect the fact that the Texas Proceeding is the first-filed proceeding.

Without the benefit of any input from Apple, who undoubtedly knew a "first-to-file" motion was forthcoming when it filed this action during the pendency of the Texas Proceeding, Koss will not hazard a guess as to any exceptions that Apple may advance.  However, because the Texas court is the first-filed court, this Court should leave any balancing of factors or determinations regarding these conveniences to the first-filed court.  *Power Integrations*, 2017 WL 1065334, at *3; *Juniper* 2012 WL 1029572, at *2.  Indeed, the need to permit the Texas Court to perform such balancing supports, at a minimum, staying the instant proceeding until the Texas Court renders a decision.  *Power Integrations*,

DEFENDANT KOSS CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS OR OTHERWISE TRANSFER UNDER RULE 12 Case No.: 4:20-cv-05504-JST

1   2017 WL 1065334, at *3 (staying the proceeding and allowing refiling of motions if necessary after

2   the first-filed court resolved the outstanding motion).

3   **III.   <u>CONCLUSION</u>**

4           Apple's second-filed declaratory judgement complaint in the California Proceeding should be

5   dismissed or transferred to the Western District of Texas where Koss's operative first filed Texas

6   Complaint is presently pending.  The situation here satisfies all the factors this Court uses to assess

7   how to handle a second-filed declaratory judgment complaint, and there are no exceptions that appear

8   to apply.  In the alternative, this Court should stay the California Proceeding (and the resolution of this

9   Motion) while the parties await a decision on Apple's motion to strike the Texas Complaint with leave

10  for the parties to re-address pre-answer motions after Apple's motion to strike has been resolved..

11

12

13          Dated: September 29, 2020                 **K&L Gates LLP**

14                                                    /s/ Peter E. Soskin
                                                      Peter E. Soskin (SBN 280347)
15                                                    peter.soskin@klgates.com
                                                      **K&L GATES LLP**
16                                                    Four Embarcadero Center, Suite 1200
                                                      San Francisco, CA 94111
17                                                    Telephone: (415) 882-8200
                                                      Fax: (415) 882-8220
18

19                                                    ***Attorney for Defendant Koss Corporation***

20

21

22

23

24

25

26

27

DEFENDANT KOSS CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS
OR OTHERWISE TRANSFER UNDER RULE 12 Case No.: 4:20-cv-05504-JST