Michael T. Pieja (CA Bar No. 250351)
Alan E. Littmann (*pro hac vice*)
Lauren Abendshien (*pro hac vice*)
GOLDMAN ISMAIL TOMASELLI
  BRENNAN & BAUM LLP
200 South Wacker Dr., 22nd Floor
Chicago, IL 60606
Tel: (312) 681-6000
Fax: (312) 881-5191
mpieja@goldmanismail.com
alittmann@goldmanismail.com
labendshien@goldmanismail.com

(Additional counsel listed in signature block)

*Attorneys for Plaintiff Apple Inc.*

Peter E. Soskin (SBN 280347)
peter.soskin@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Fax: (415) 882-8220

Benjamin E. Weed
benjamin.weed@klgates.com
Gina A. Johnson
gina.johnson@klgates.com
K&L GATES LLP
70 W. Madison St., Suite 3100
Chicago, IL 60602
Telephone: 312-781-7166
Fax: 312-345-1843

*Attorneys for Defendant Koss Corporation*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>Plaintiff,<br><br>v.<br><br>KOSS CORPORATION,<br>Defendant. | Case No. 4:20-cv-05504-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN**<br><br>Hearing: Nov. 10, 2020, at 2:00 p.m.<br>Courtroom: 6, 2nd floor<br>Judge: Hon. Jon S. Tigar |

Plaintiff, Apple Inc. ("Apple"), and Defendant, Koss Corporation ("Koss"), the parties to this action, submit this JOINT CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN under the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1.    Jurisdiction & Service**

This is an action for breach of contract and for a declaratory judgment of noninfringement of U.S. Patent Nos. 10,206,025; 10,298,451; 10,469,934; 10,491,982; and 10,506,325 (collectively, the "Patents-in-Suit"). Koss has moved to dismiss or otherwise transfer this case to the Western District of Texas. (Dkt. No. 24.) There are no parties that remain to be served.

*Plaintiff's Statement*

This Court has subject-matter jurisdiction over the declaratory-judgement claims under 28 U.S.C. §§ 1331 and 1338(a), and over the breach-of-contract claims under 28 U.S.C. §§ 1332(a)(1) and 1367.

*Defendant's Statement*

It is Koss's position that the Court lacks subject matter jurisdiction over this action for at least two reasons: (1) Apple's breach of contract claim (count one) is a compulsory counterclaim to Koss's patent infringement claims in the Western District of Texas (*see Koss Corp. v. Apple Inc.*, Case No. 6:20-cv-00665 (W.D. Tex. Jul. 23, 2020) because Apple's breach of contract claim would not exist absent Koss's filing of its Complaint in the Western District of Texas; and (2) Apple's declaratory patent claims are also compulsory counterclaims in the Western District of Texas and therefore are claims that, under Apple's read of the contract, also could not have been brought until after Koss filed its Complaint. If the contract is interpreted in such a way that Apple could have brought the declaratory claims based on the parties' negotiations, it is undisputed that Koss brought its Complaint in the Western District of Texas first and Apple has not identified an applicable exception to the first-to-file rule.

It is further Koss's position that this Court should decline to exercise jurisdiction over this action in light of the issues raised in Koss's Motion to Dismiss or Transfer.

**2.     Facts**

*Plaintiff's Statement*

Apple's breach-of-contract claims arise from Koss' repeated breach of a Confidentiality Agreement that the parties negotiated during licensing discussions that began in 2017. As Koss has admitted, in 2017, Koss approached Apple about a purported desire for Apple to take a license to one of its patents. At Koss' request, the parties then discussed, and ultimately entered into, a Confidentiality Agreement. That Confidentiality Agreement prohibited either party from using in litigation, for any purpose, the content or existence of any of the parties' pre-suit communications.

In July 2020, Koss filed a complaint against Apple in the Western District of Texas that included eighteen separate references to the parties' pre-suit communications, including multiple

communications that occurred in California. 7/22/2020 Compl., Dkt. No. 1, *Koss Corp. v. Apple Inc.*, No. 6:20-cv-00665 (W.D. Tex.) ("Texas Complaint"). Koss' Texas Complaint used those communications as the sole basis for its allegations that Apple indirectly and willfully infringed the Patents-in-Suit. Koss' infringement allegations targeted Apple's HomePod, AirPods, and the PowerBeats Pro products. Because its Texas Complaint repeatedly used and relied on the parties' pre-suit communications, Koss had no lawful right to file it. Although Apple has sought to strike Koss' improper complaint, it now brings this action to enjoin Koss from further breaches. Apple also seeks a declaration that it does not infringe the Patents-in-Suit. Apple believes that the principal factual issues in dispute will relate to (a) whether Koss is likely to further breach the Confidentiality Agreement and how; (b) whether any future harm to Apple from further breaches of the Confidentiality Agreement harms Apple in a way that cannot be compensated with money damages alone; (c) the non-infringement of the Patents-in-Suit; (d) the value, if any, of the Patents-in-Suit (if Koss asserts infringement); and (e) the invalidity of one or more claims of each of the Patents-in-Suit (if invalidity is at issue).

***Defendant's Statement***

Koss filed an Action against Apple for patent infringement in the Western District of Texas on July 23, 2020. *See Koss Corp. v. Apple Inc.*, Case No. 6:20-cv-00665 (W.D. Tex. Jul. 23, 2020) (the "Texas Action"). Apple filed this Action for equitable relief on August 7, 2020 (D.I. 1). Apple seeks an injunction based on claims that Koss breached a "Confidentiality Agreement" by including certain allegations in its complaint in the Texas Action. *Id.* at Count 1. Apple additionally seeks declaratory judgment that certain Apple products do not infringe United States Patent Nos. 10,206,025, 10,298,451, 10,469,934, 10,491,982, and 10,506,325 (the "Asserted Patents"). *Id.* at Counts 2 through 5. The Asserted Patents are the exact same patents Koss has asserted against Apple in the Texas Action.

Koss has been served with the complaint in this Action.

Koss has not filed an Answer or asserted any counterclaims in this Action because of the pending motion practice. In the event this Action proceeds in this Court, Koss will file an Answer to Apple's Complaint, and counterclaims for infringement of the asserted patents.

3. **Legal Issues**

The parties dispute, or anticipate a dispute regarding, the following legal issues:

- Whether this Court is the appropriate venue for this action, and if so, the following additional legal issues;
- Whether Koss has breached the parties' Confidentiality Agreement;
- Whether Koss's alleged breach of contract entitles Apple to injunctive relief, and if so, the nature of such equitable relief;
- The proper construction of the relevant claims of each of the Patents-in-Suit;
- Whether Apple has infringed the Patents-in-Suit under 35 U.S.C. §§ 271(a) and (b);
- The amount of damages, if any, for which Apple is liable if Koss asserts infringement and liability is proven;
- Whether Apple's infringement is willful, if Koss asserts infringement and liability is proven;
- Whether each of the Patents-in-Suit is directed to an unpatentable abstract idea under 35 U.S.C. § 101 (if invalidity is at issue);
- Whether the relevant claims of each of the Patents-in-Suit are invalid and/or unenforceable under one or more of 35 U.S.C. §§ 102, 103, and/or 112 (if invalidity is at issue);
- Whether Koss is entitled to, and to the extent of any, enhanced damages under 35 U.S.C. § 284 if Koss asserts infringement and liability is proven;
- The identification of any other relief, such as a permanent injunction and/or compulsory ongoing royalties that is warranted for Apple's infringement if Koss asserts infringement and liability is proven;
- Whether Koss is entitled to a finding that this case is exceptional under 35 U.S.C. § 285 if Koss asserts infringement and liability is proven;
- Whether either party is entitled to its costs, disbursements, and reasonable attorneys' fees incurred in this action.

/ / /

JOINT CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN
503841510.1
4

**4.     Motions**

Koss has moved to dismiss or otherwise transfer this case to the Western District of Texas, or to stay this case pending resolution by the Texas court of Apple's motion to strike Koss' Texas Complaint. (Dkt. No. 24.) The motion is fully briefed and set for hearing on November 4, 2020. The parties anticipate filing (other) dispositive motions in this case per the proposed case schedule set forth below and as the Court may permit.

**5.     Amendment of Pleadings**

The parties propose that the date for amending pleadings be set two months after Koss files its Answer to the extent one is necessary.

**6.     Evidence Preservation**

The parties have reviewed the Court's ESI Guidelines. They have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) and are aware of their responsibility to take reasonable and proportional steps to preserve evidence.

**7.     Disclosures**

The parties will exchange their initial disclosures within one week of the Court's order on Koss's Motion to Dismiss or Transfer.

**8.     Discovery**

*ESI & Protective Orders*

The parties are considering entering into a stipulated ESI Order and will confer on a proposed stipulation. The parties also anticipate submitting a proposed Protective Order.

*E-mail Service Agreement*: The parties have agreed that service of discovery requests, discovery responses, expert reports, and other documents that are not served through the Court's ECF system (for example, sealed pleadings) will be by e-mail only. Service by e-mail will be treated as service by hand delivery. Where voluminous documents are not amenable to e-mail transmission, the parties further agree to accept service by other reasonable electronic means, such as by an e-mail providing access to the documents on an FTP site or through other online services, so long as the sender provides instructions on how to access the documents.

/ / /

The parties further agree that a document is deemed served on a particular day if it (or an e-mail providing access to it) is received by midnight PT on that calendar day (provided that the sender does not receive any indication that the e-mail transmission was unsuccessful); otherwise it is deemed served on the next business day.

*Discovery Limitations*:

 a. The parties agree to the discovery limitations in the Federal Rules of Civil Procedure, unless otherwise noted below.

 b. Each party may serve no more than 50 requests for admissions, except that the parties may serve unlimited requests for admissions for document authentication.

*Deposition Limitations*:

 a. The parties will use their best efforts to avoid taking more than one deposition of any person.

 b. For party witnesses other than testifying experts, Apple shall take no more than 70 hours of Rule 30(b)(6) and individual Rule 30(b)(1) depositions of Koss. Koss shall take no more than 70 hours of Rule 30(b)(6) and individual Rule 30(b)(1) depositions of Apple.

 c. For non-party witnesses, each side is allowed up to 63 hours of non-party deposition testimony (including depositions taken pursuant to Rules 30(b)(6) and (1)). Each side will make a good-faith effort to work with the other to avoid the need for duplicative depositions.

*Other Orders*:

The parties do not request any other orders under Rule 26(c) or under Rule 16(b) or (c).

**9. Class Actions**

Not applicable.

**10. Related Cases**

Koss has sued Apple in the Western District of Texas for infringement of the Patents-in-Suit. *See Koss Corp. v. Apple Inc.*, No. 6:20-cv-00665 (W.D. Tex.). Koss has also sued four other entities in the Western District of Texas for infringement of some of the same patents. *See Koss Corp. v. Bose*

*Corp.*, No. 6:20-cv-00661 (W.D. Tex.); *Koss Corp. v. PEAG LLC d/b/a JLab Audio*, No. 6:20-cv-00662 (W.D. Tex.); *Koss Corp. v. Plantronics, Inc., et al.*, No. 6:20-cv-00663 (W.D. Tex.); *Koss Corp. v. Skullcandy, Inc.*, No. 6:20-cv-00664 (W.D. Tex.). Certain of these other actions are subject to pending motions to dismiss for improper venue. All of the Western District of Texas cases are pending before Judge Albright.

**11.  Relief**

*Plaintiff's Statement*:

Apple seeks an order (i) permanently enjoining Koss from using the substance or existence of any "Communications," as defined by the parties' Confidentiality Agreement, in any litigation, patent-office proceeding, or other court or administrative proceeding for any purpose, (ii) declaring that Apple does not infringe at least Claim 1 of each of the Patents-in-Suit, and (iii) awarding Apple attorneys' fees, costs, and expenses, and any other relief as the Court may deem just and proper. It is not possible for Apple to provide a calculation of these damages at this time, as its attorneys' fees, costs, and expenses will continue to accrue until the case is resolved.

*Defendant's Statement*:

Defendant has not filed an Answer or counterclaim.  In the event this Action proceeds before this Court, Koss will be filing an Answer and counterclaims against Apple for infringement of the Asserted Patents and seeking: (1) damages of not less than a reasonable royalty for such infringement; (2) an order enjoining Apple from infringing the Asserted Patents; (3) an order that Apple's infringement is willful; (4) an order that this is an exceptional case; (5) and an order awarding Koss attorneys' fees, costs, and expenses, and any other relief as the Court may deem just and proper. Koss will further seek a declaration that (1) the Confidentiality Agreement is unenforceable as construed by Apple; (2) Koss has not breached the Confidentiality Agreement;  and/or (3) to the extent Koss breached the Confidentiality Agreement, such breach was immaterial or efficient.

**12.  Settlement and ADR**

*Plaintiff's Statement*:

Apple proposes private mediation for this case, to be completed 60 days after the Court's claim construction ruling.

*Defendant's Statement*:

Koss proposes private mediation for this case, to be completed after opening and rebuttal expert reports are served.

## 13. Consent to Magistrate Judge for All Purposes

The parties do not consent to have a magistrate judge conduct all further proceedings including trial or entry of judgment.

## 14. Other References

The parties do not believe this matter is suitable for arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 15. Narrowing of Issues

The parties anticipate being able to narrow issues by motion or agreement once discovery has progressed.

## 16. Expedited Trial Procedure

The parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64, Attachment A.

## 17. Scheduling

The parties propose the following schedule, which generally tracks the dates provided by the Patent Local Rules with the exception of a few dates that have been shifted by one day to accommodate scheduling constraints, and which assumes that infringement and invalidity issues will both be present in the case.

| Event | Rule | Proposed Dates |
|---|---|---|
| Initial Case Management Conference | | November 10, 2020 |
| Serve Initial Disclosures | Fed.R.Civ.P. 26(a)(1) | 7 days after the Court issues its ruling on Koss' Motion to Dismiss or Transfer |
| Deadline for amending pleadings | Fed.R.Civ.P. 15(a) | 60 days after Koss' Answer is filed |
| Defendant's Disclosure of Asserted Claims and Infringement Contentions and accompanying document production | Patent L.R. 3-1, 3-2 | November 24, 2020 |

| Event | Rule | Proposed Dates |
|---|---|---|
| Plaintiff's Invalidity Contentions and accompanying document production (if invalidity issue present in case) | Patent L.R. 3-3, 3-4 | January 8, 2020 |
| Exchange proposed terms for construction | Patent L.R. 4-1 | January 22, 2021 |
| Exchange preliminary claim constructions and extrinsic evidence | Patent L.R. 4-2 | February 12, 2021 |
| Defendant's Damages Contentions (if Defendant asserts infringement) | Patent L.R. 3-8 | March 1, 2021 |
| Joint Claim Construction and Prehearing Statement | Patent L.R. 4-3 | March 9, 2021 |
| Plaintiff's Responsive Damages Contentions (if Defendant asserts infringement) | Patent L.R. 3-9 | March 31, 2021 |
| Completion of Claim Construction Discovery | Patent L.R. 4-4 | April 8, 2021 |
| Opening Claim Construction Brief | Patent L.R. 4-5(a) | April 23, 2021 |
| Responsive Claim Construction Brief | Patent L.R. 4-5(b) | May 7, 2021 |
| Reply Claim Construction Brief | Patent L.R. 4-5(c) | May 14, 2021 |
| Claim Construction Hearing | Patent L.R. 4-6 | Subject to the Court's availability |
| Deadline to Complete Discovery | | 60 days after the Court's claim construction ruling |
| Deadline to serve Opening Expert Reports by the party bearing the burden of proof | | 21 days after the close of fact discovery |
| Deadline to serve Rebuttal Expert reports by the party not bearing the burden of proof | | 21 days after the service of opening expert reports |
| Deadline for Expert Discovery | | 21 days after service of rebuttal expert reports |
| Deadline to file Dispositive and *Daubert* Motions | | 14 days after the deadline for expert discovery |
| Hearing on Dispositive and *Daubert* Motions | | 35 days after the filing of dispositive motions |
| Pretrial Conference | | Spring 2022, based on the Court's availability |
| Trial | | Spring 2022, based on the Court's availability |

**18. Trial**

The case will be tried to a jury. The parties anticipate that the trial will take approximately seven court days.

**19. Disclosure of Non-party Interested Entities or Persons**

The parties have filed the "Certification of Interested Entities or Persons" required by Civil L.R. 3-15.

*Plaintiff's Statement*:

Pursuant to Civil L.R. 3-15, Apple certifies that as of this date, other than the named parties, there is no such interest to report. Apple states that it has no parent corporation and that no publicly held corporation owns 10% or more of its stock.

*Defendant's Statement*:

Pursuant to Civil L.R. 3-15, Koss certifies that other than the named parties, there is no such interest to report.

**20. Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other**

Under Patent L.R. 2-1(b), the parties further address the following topics:

(1) The parties propose to follow the obligations and deadlines set forth in the Patent Local Rules.

(2) The parties will meet and confer regarding any necessary claim construction discovery as the case progresses.

(3) The parties do not believe that live testimony will be required at the claim construction hearing. However, the parties will discuss these issues with each other as discovery proceeds and will make a joint proposal to the Court if either party believes that such testimony will be required.

(4) The parties propose to educate the Court on the technology at issue through a live presentation to the Court either seven days prior to the *Markman* hearing, or immediately prior to commencing argument at that hearing, at the Court's preference. The parties believe it would be more

efficient to confer regarding the format of the hearing itself once the number and identity of the terms in dispute have been identified through the exchanges required by the Court's Local Rules. The parties propose to provide a proposal regarding the logistics for the *Markman* hearing in their Joint Prehearing Statement per Patent L.R. 4-3.

(5) A non-binding, good-faith estimate of the damages range expected for the case along with an explanation:

**Plaintiff's Statement**:

Apple has not asserted any causes of action against Koss for which it seeks to recover monetary damages. Apple does seek both a permanent injunction barring Koss from further breaches of the Confidentiality Agreement and an award of its attorneys' fees, costs, and expenses. It is currently not possible to provide a calculation of this amount, as Apple's entitlement to such awards will depend on future rulings of the Court and the extent and manner in which the case progresses.

**Defendant's Statement**:

Koss has not yet Answered Apple's Complaint or asserted any counterclaims against Apple. In the event this Action proceeds before this Court, Koss intends to both Answer and assert counterclaims for infringement of the asserted patents. In such instance, Koss will seek an award of compensatory damages pursuant to 35 U.S.C. § 284 consisting of lost profits, or at a minimum, a reasonable royalty. Koss will further seek a finding that Apple's infringement is willful, and entitling Apple to an award of treble damages. Additionally, Koss will seek an Order enjoining Apple from continuing to infringe the Asserted Patents, and an order that this Case is exceptional pursuant to 35 U.S.C. § 285, thus entitling Koss to an award of its reasonable attorneys' fees. At this time, Koss does not have an ability to estimate the damages in this case; however the extent of Apple's sales of the accused products suggests a substantial damages award.

Respectfully Submitted,

Dated: November 3, 2020         /s/ Michael T. Pieja
                                Michael T. Pieja (CA Bar No. 250351)
                                Alan E. Littmann (*pro hac vice*)
                                Lauren Abendshien (*pro hac vice*)

GOLDMAN ISMAIL TOMASELLI
  BRENNAN & BAUM LLP
200 South Wacker Dr., 22nd Floor
Chicago, IL 60606
Tel: (312) 681-6000
Fax: (312) 881-5191
mpieja@goldmanismail.com
alittmann@goldmanismail.com
labendshien@goldmanismail.com

Kenneth Baum (CA Bar No. 250719)
GOLDMAN ISMAIL TOMASELLI
  BRENNAN & BAUM LLP
429 Santa Monica Boulevard, Suite 710
Santa Monica, CA 90401
Tel: (310) 576-6900
Fax: (310) 382-9974
kbaum@goldmanismail.com

*Attorneys for Plaintiff Apple Inc.*

Dated:  November 3, 2020

 /s/ Peter E. Soskin
Peter E. Soskin (SBN 280347)
peter.soskin@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Fax: (415) 882-8220

Benjamin E. Weed
benjamin.weed@klgates.com
Gina A. Johnson
gina.johnson@klgates.com
K&L GATES LLP
70 W. Madison St., Suite 3100
Chicago, IL 60602
Telephone: 312-781-7166
Fax: 312-345-1843

*Attorneys for Defendant Koss Corporation*