Michael T. Pieja (CA Bar No. 250351)
Alan E. Littmann (*pro hac vice*)
Lauren Abendshien (*pro hac vice*)
GOLDMAN ISMAIL TOMASELLI
  BRENNAN & BAUM LLP
200 South Wacker Dr., 22nd Floor
Chicago, IL 60606
Tel: (312) 681-6000
Fax: (312) 881-5191
mpieja@goldmanismail.com
alittmann@goldmanismail.com
labendshien@goldmanismail.com

(Additional counsel listed in signature block)

*Attorneys for Plaintiff Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| APPLE INC., <br><br>  Plaintiff, <br><br> v. <br><br> KOSS CORPORATION, <br><br>  Defendant. | Case No. 4:20-cv-05504-JST <br><br> **PLAINTIFF APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL CERTAIN PORTIONS OF ITS OPPOSITION TO DEFENDANT KOSS CORPORATION'S MOTION TO ENFORCE STAY AND PRELIMINARILY ENJOIN ARBITRATION** <br><br> JUDGE: Hon. Jon S. Tigar |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5(d), Apple respectfully moves this Court for an order allowing it to file certain limited portions of its opposition to Koss' Motion to Enjoin Arbitration (Dkt. No. 43) under seal. In particular, Apple seeks to seal certain limited portions of its Opposition that reflect (a) confidential and commercially-sensitive terms of a contract between Apple and Koss; and (b) documents reflecting non-public materials filed in a non-public arbitration proceeding.

## II. ARGUMENT

As an initial matter, the Court should apply the "good cause" standard to Apple's requests to seal. The Ninth Circuit recognizes a "strong presumption in favor of access to court records," based on the public's need to provide "accountability" to, and "have confidence in" the judgments of federal courts. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Given the policies behind the public's right to access, the showing that must be made to seal court filings depends on the type of filing. In this Court, "motions and records that are only tangentially related to the merits of the case may be sealed for 'good cause.'" *King v. Bumble Trading*, *Inc.*, No. 5:18-cv-06868-NC, 2020 WL 663741, at *7 (N.D. Cal. Feb. 11, 2020), *quoting Center for Auto Safety*, 809 F.3d at 1101–02. The "good cause" standard should apply here. Koss' motion does not relate to the "merits of the case" at all. Koss seeks no relief with respect to any claim pending before this Court. Rather, Koss seeks to block a parallel arbitration pending between the parties. Although Koss' motion may impact the arbitration, it will not impact what happens in this Court. Further, any impact on the arbitration should not trigger a heightened public right of access. Unlike judicial proceedings in federal court, there is no public right of access to arbitration records; the arbitration at issue here, and its records, is non-public. (Declaration of Kathryn Brown de Vejar ¶ 5.) Further, the parties have contractually agreed to keep the arbitration confidential, which is in keeping with the arbitral tribunal's rules. (*Id.* ¶¶ 6, 7.) For these reasons, Koss' motion is not related to the merits of any case to which the public has a right of access, and the "good cause" standard should apply.

Under this standard, Apple's requests to seal should be granted. These requests are narrowly tailored to cover only a handful of lines of text that relate to two categories of protectable information, as set forth in the table below:

| Category Of Information Sought To Be Sealed | Pages And Lines Sought To Be Sealed | Supporting Information |
|---|---|---|
| Category 1: Matter reflecting confidential materials in co-pending arbitration between the parties | Page 1, lines 8–9<br>Page 3, lines 22–24<br>Page 4, line 23<br>Page 5, lines 19–20<br>Page 9, line 8 | Declaration of Kathryn Brown de Vejar (Dkt. No. 51) |
| Category 2: Matter reflecting confidential terms of contractual agreement between the parties | Page 1, lines 6–9, 17–18, 21, 24–26<br>Page 2, lines 22–28<br>Page 3, lines 1–2, 22–24<br>Page 4, lines 21–22, 27–28<br>Page 5, lines 8–19, 24<br>Page 6, lines 19, 20, 23<br>Page 8, lines 15–16<br>Page 9, lines 10–11, 12–14, 21–22 | Declaration of Jeff Lasker (Dkt. No. 50, ¶¶ 4–10) |

**Category 1: Confidential Arbitration Materials**. The short passages contained in Category 1 should be sealed because they reference arguments made in a non-public arbitration proceeding. Apple and Koss contractually agreed that their pending arbitration, and arguments made to the arbitrators, should be confidential. (Brown de Vejar Decl. ¶¶ 6, 7.) This type of confidential treatment is consistent with the rules of the arbitral tribunal. (*Id.* ¶ 7.) In fact, the tribunal overseeing the arbitration proceeding is expected to issue a confidentiality order requiring that all materials filed in the arbitration, and the arguments made therein, be kept confidential. (*Id.*) The tribunal has not yet been officially formed and, thus, has not yet had the opportunity to put in place rules governing the treatment of confidential pleadings. (*Id.* ¶ 8.) Allowing public disclosure of these materials in a manner that is inconsistent with the parties' arbitration agreement would frustrate both the federal policy in favor of arbitration, and the arbitrators' ability to set rules to govern the treatment of materials used in the proceedings before them. (*Id.*)

**Category 2: Confidential Contractual Terms.** The discrete passages contained in Category 2 should be sealed because they reference confidential terms of a contract negotiated between Apple and Koss. Courts in this district have repeatedly recognized that commercially-sensitive, non-public contract terms qualify for sealing. *See*, *e.g.*, *UCP Int'l Co. Ltd. v. Balsam Brands Inc.*, 420 F. Supp.3d 966, 985 (N.D. Cal. 2019) (sealing contracts between plaintiff and third parties that "contain sensitive

information"); *Phoenix Techs. Ltd. v. VMware, Inc.*, No. 4:15-cv-01414-HSG, 2018 WL 1169188, at *2 (N.D. Cal. Feb. 14, 2018) (sealing payment terms in contracts because the information comprised "highly sensitive business information"). Here, the material sought to be sealed references the terms of Paragraph 20 of the Confidentiality Agreement the parties entered into to facilitate patent-licensing discussions. Apple frequently engages in licensing discussions to resolve potential intellectual property disputes without Court intervention, during which it negotiates agreements of the kind at issue. (Lasker Decl. ¶8.) These agreements cover not just the protections to be given to Apple's sensitive information about its products—itself a matter of importance to Apple—but also contain substantive limitations on the parties' rights to pursue certain claims against each other. (*Id.* ¶ 6.) Further, the terms of these agreements are not identical between cases, and typically reflect careful back-and-forth negotiation between Apple and a counterparty. (*Id* ¶ 8.) Here, the terms of Paragraph 20, in particular, contain limitations on the claims a party can bring against the other for breaching the Confidentiality Agreement, the rules to be applied to adjudicating such claims, and the forums in which the claims can or cannot be made. (*Id.* ¶ 6.) Because Apple frequently is drawn into licensing discussions where it may negotiate agreements similar to the one here, public disclosure of the terms that Apple was willing to accept prejudices Apple. (*Id.*) In particular, public disclosure of this paragraph provides future counterparties information about Apple's negotiating position that otherwise would not have been publicly available. (*Id.*) These counterparties may then use that information to Apple's detriment as they negotiate their own agreements.

Further, the requested redactions are narrowly tailored. Apple previously made certain provisions of the Confidentiality Agreement that relate to the substance of its breach of contract argument public. (Lasker Decl. ¶ 7.) As a result, all of the material necessary to understand Apple's breach of contract argument is already public. Apple is, here, only seeking to seal materials referring to one additional paragraph of the agreement, which relates to non-public arbitration proceedings.

Finally, even if the Court concludes that Koss' motion is "related to the merits of the case," at least the documents in Category 2 remain sealable. Materials included in motions that are "related to the merits of the case" may be sealed upon a showing of a "compelling interest" in doing so. *Center for Auto Safety*, 809 F.3d at 1096, 1101–02. Courts in this district have found that "a contract

containing proprietary and confidential business information can meet the compelling reasons standard." *Overpeck v. FedEx Corp.*, No. 4:18-cv-07553-PJH, 2020 WL 5094841, at *9 (N.D. Cal. Aug. 28, 2020). Indeed, in *UCP Int'l*, the court found "compelling reasons" to seal terms in a settlement agreement because of the "harm that could befall [a party] if competitors or future opposing parties had access to the specific terms . . . ." *UCP Int'l*, 420 F. Supp.3d at 985. Because, as set forth above, Apple would be prejudiced in future licensing discussions if the terms at issue here are made public, Apple's motion to seal should be granted.

## III.   CONCLUSION

The Court should grant Apple's motion to seal the limited portions of its Opposition to Koss' Motion to Enjoin in order to preserve the confidentiality of Apple's arbitration proceedings with Koss, and to avoid the disclosure of sensitive terms of Apple's licensing-related Confidentiality Agreement to future negotiating counterparties.

DATED:  January 4, 2021                     Respectfully submitted,

 */s/ Michael T. Pieja*
Michael T. Pieja (CA Bar No. 250351)
Alan E. Littmann (*pro hac vice*)
Lauren Abendshien (*pro hac vice*)
GOLDMAN ISMAIL TOMASELLI
  BRENNAN & BAUM LLP
200 South Wacker Dr., 22nd Floor
Chicago, IL 60606
Tel: (312) 681-6000
Fax: (312) 881-5191
mpieja@goldmanismail.com
alittmann@goldmanismail.com
labendshien@goldmanismail.com

Kenneth Baum (CA Bar No. 250719)
GOLDMAN ISMAIL TOMASELLI
  BRENNAN & BAUM LLP
429 Santa Monica Boulevard, Suite 710
Santa Monica, CA 90401
Tel: (310) 576-6900
Fax: (310) 382-9974
kbaum@goldmanismail.com

*Attorneys for Plaintiff Apple Inc.*

**PROOF OF SERVICE**

The undersigned hereby certifies that a true and correct copy of **PLAINTIFF APPLE INC.'S ADMINISTRATIVE MOTION TO SEAL CERTAIN PORTIONS OF ITS OPPOSITION TO DEFENDANT KOSS CORPORATION'S MOTION TO ENFORCE STAY AND PRELIMINARILY ENJOIN ARBITRATION AND THE DECLARATION OF MICHAEL T. PIEJA IN SUPPORT** has been served on January 4, 2021, to all counsel of record who are deemed to have consented to electronic service. I further certify that an unredacted version of the **OPPOSITION** was served on January 4, 2021, to all counsel of record via email.

*/s/ Michael T. Pieja*
Michael T. Pieja (CA Bar No. 250351)