UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KOSS CORPORATION,<br><br>　　　　Defendant. | Case No. 20-cv-05504-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT KOSS CORPORATION'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNDER SEAL**<br><br>Re: ECF No. 46 |

Defendant Koss Corporation moves to file under seal: (1) its motion to enforce this Court's stay and preliminarily enjoin arbitration filed by Plaintiff Apple, Inc., (2) Exhibit A, Request for Arbitration filed by Claimant Apple Inc., and (3) Exhibit B, Reporter's Transcript of Zoom Proceedings. ECF No. 46. Both Koss and Apple have submitted declarations in support of Koss's motion to seal. *See* ECF Nos. 46-1, 50, 51. The Court with grant the motion in part and deny it in part.

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5 and (2) rebut the "strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quotation marks and citation omitted). With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that (1) "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" and (2) is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). An administrative motion to seal must also fulfill the requirements of Civil Local Rule 79-5(d).

Koss offers no reason for why its entire motion and related exhibits should be sealed other

than that the documents have "been designated by Koss as confidential." ECF No. 46-1 at 2. At least Exhibit B – a transcript of this Court's November 4, 2020 public hearing – is not sealable. On the other hand, Apple's declarations in support of Koss's motion to seal identify limited portions of the motion to be sealed. ECF No. 50 at 2-4; ECF No. 51 at 2-3. Apple seeks to seal the portions of the motion that pertain to the parties' confidentiality agreement and pending arbitration, ECF No 40 at 2, which the parties have "contractually agreed to keep . . . confidential," ECF No. 51 at 3.

The Court finds good cause for sealing the portions of the motion identified by Apple as relating to the parties' confidentiality agreement and pending arbitration. The Court therefore grants Koss's motion to seal with regard to the limited portions of the motion referenced by Apple – Page 1, lines 4-5; Page 1, lines 26-27; Page 2, lines 1-6; Page 2, line 11; Page 3, lines 13-16; Page 3, lines 18-22; Page 4, lines 15-16; Page 4, lines 23-27; Page 5, line 18; Page 7, lines 15-16; Page 7, line 21; Page 9, lines 1-5; Page 9, lines 22-23 – and Exhibit A, Request for Arbitration filed by Claimant Apple Inc. Koss's motion for leave to seal is otherwise denied.

Koss is ordered to file a redacted version of its motion to enforce this Court's stay and preliminarily enjoin arbitration filed by Plaintiff Apple, Inc. within seven days of the issuance of this order.

**IT IS SO ORDERED.**

Dated: January 15, 2021



JON S. TIGAR
United States District Judge